UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TRIANGLE RIVER, LLC,

    Plaintiff,

v.                              CASE NO. 3:17-cv-1078-J-32MCR

CAROLINE SQUARE REALTY, LLC,

    Defendant.
_____/

### REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss or Alternatively to Stay Proceedings and Compel Arbitration ("Motion") (Doc. 23), Plaintiff's Response thereto (Doc. 26), and Defendant's Reply Memorandum of Law in Support of Defendant's Motion to Dismiss (Doc. 30). For the reasons stated herein, it is respectfully **RECOMMENDED** that Defendant's Motion be **GRANTED** to the extent stated herein.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation,] a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was not made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

1

**I.     Background**

On September 26, 2017, Plaintiff filed a Complaint, alleging breach of contract by Defendant.  (Doc. 1.)  Plaintiff then filed an Amended Complaint on November 28, 2017.  (Doc. 5.)  The Amended Complaint alleges that on May 16, 2017, Plaintiff/Buyer and Defendant/Seller entered into a Commercial Contract ("Contract"), for the purchase of real property located in Duval County, Florida, which was set for closing on September 13, 2017.  (*Id.* at ¶ 11.)  On September 13, 2017, the parties agreed to extend the closing date to September 29, 2017.  (*Id.* at 13.)  The parties participated in various pre-closing activities, modifications, and financing discussions following their entering into the Contract.  (*Id.* at ¶¶ 7-55.)  The Amended Complaint further alleges that, "[Plaintiff] notified [Defendant] that it was ready, willing and able to close on September 29, 2017, October 18, 2017, October 31, 2017, November 9, 2017, November 10, 2017, and November 15, 2017, but [Defendant] . . . breached the Contract by wrongfully refusing to close on each occasion."  (*Id.* at ¶ 55.)

Defendant filed the instant Motion on March 22, 2018.  (Doc. 23.)  Defendant contends the claims asserted in the Amended Complaint "are subject to mandatory binding arbitration pursuant to Paragraph 22 of the [C]ontract."  (Doc. 23 at 1.)  Plaintiff argues in its Response that Defendant waived its right to demand arbitration by its repudiation of the Contract.  (Doc. 26.)

Defendant filed a Reply on April 5, 2018 asserting that even if "Plaintiff could establish an anticipatory repudiation of the Contract (it cannot), at most, that would constitute a breach of the Contract," which would subject the parties to the arbitration provision.  (Doc. 30 at 2.)  Defendant further argues that Plaintiff, as the party seeking to avoid arbitration, bears a heavy legal burden in showing there was a waiver of Defendant's right to arbitration.  (*Id*.)  Regardless, Defendant asserts it has shown there is a valid, written agreement to arbitrate between Plaintiff and Defendant, there is an arbitrable issue, and neither party has waived the right to arbitrate.  (*Id.* at 1-5.)  Defendant further argues that Plaintiff has failed to prove that the arbitration agreement is unenforceable or that Plaintiff's statutory claims are not subject to arbitration.  (*Id.*)

## II.     Discussion

On May 16, 2017, Plaintiff, as buyer, entered into the Contract, with Defendant, as seller, for the purchase of property located in Duval County, Florida.  (Doc. 1-1.)  Section 22 of the agreement provides as follows:

> ADDITIONAL TERMS:  Any controversy or claim arising out of or relating to this Contract, or the breach thereof, shall be settled by neutral binding arbitration in Duval County, Florida, in accordance with the rules of [the] American Arbitration Association and not by any court action except as provided by Florida Law for judicial review of arbitration proceedings. Any court having appropriate jurisdiction may enter judgment upon the award rendered by the arbitrator(s). Filing a judicial action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction or other provisional remedies shall not constitute a waiver of the right to arbitrate under this paragraph. Any claims or disputes with or against

> real estate agents participating in this transaction shall be submitted to the arbitration under this provision only with the written consent and joinder of the agent's Broker. In connection with any arbitration or litigation between the parties, the prevailing party shall be entitled to recover all fees, costs, and expenses, including reasonable attorneys' fees, arbitrators' fees and administrative fees of arbitration.

(*Id.* at 7.)  By its terms, the agreement to arbitrate at issue here is governed by the American Arbitration Association.  The Supreme Court has recognized that claims falling under such an arbitration agreement are governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*.  The FAA, which was originally enacted in 1925, aimed "to reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements upon the same footing as other contracts."  *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991).

Under the FAA, pre-dispute agreements to arbitrate "evidencing a transaction involving commerce" are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The FAA "provides for stays of proceedings in federal district courts when an issue in the proceeding is referable to arbitration, and for orders compelling arbitration when one party has failed, neglected, or refused to comply with an arbitration agreement."  *Gilmer*, 500 U.S. at 25 (citing 9 U.S.C. §§ 3, 4).

"Under both federal and Florida law, there are three factors for the court to

consider in determining a party's right to arbitrate: (1) a written agreement exists between the parties containing an arbitration clause; (2) an arbitrable issue exists; and (3) the right to arbitration has not been waived." *Curbelo v. Autonation Benefits Co., Inc.*, No. 14-CIV-62736, 2015 WL 667655, at *2 (S.D. Fla. Feb. 17, 2015) (internal citations and quotation marks omitted). In determining whether the parties agreed to arbitrate a dispute, the court must apply the "federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." *Mitsubishi Motors Corp. v. SolerChrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985) (internal citations and quotation marks omitted). The FAA reflects a "liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Conception*, 563 U.S. 333, 339 (2011). "[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Mitsubishi Motors*, 473 U.S. at 626 (internal citations and quotation marks omitted). "Thus, as with any other contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability." *Id.*

  The undersigned agrees with Defendant to the extent that it seeks to stay this action and to compel the parties to submit to arbitration. Plaintiff has not met its burden, as the party opposing arbitration, "to demonstrate that the agreement

5

is invalid or the issue otherwise non-arbitrable." *Curbelo*, 2015 WL 667655, at \*2 ("Faced with a facially valid arbitration agreement, the burden is on the party opposing arbitration to demonstrate that the agreement is invalid or the issue otherwise non-arbitrable.").

    First, it is undisputed that a written agreement exists between the parties containing an arbitration clause, namely Section 22 of the Contract. (*See* Doc. 1-1; *see also* Doc. 26 at 5 ("Plaintiff agrees with Defendant that each originally agreed to arbitrate controversies and claims arising out of or relating to the Contract.").) Second, Plaintiff's claim for specific performance under the Contract, as well its contention that Defendant improperly repudiated the Contract, constitute arbitrable issues because they arise out of or relate to the Contract, or the breach thereof. *Cf. Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso, P.A. v. Medpartners, Inc.*, 312 F.3d 1349, 1358 (11th Cir. 2002) ("Because the Agreement clearly requires arbitration for breach of contract claims generally, the Agreement must also require arbitration for a more specific anticipatory-breach-of-contract claim."), *abrogated on other grounds by Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Engineers & Participating Employers*, 571 U.S. 177 (2014). Finally, Plaintiff has not shown that the right to arbitration has been waived.[2] Because "the FAA leaves no room

---

[2] "A party may be deemed to have waived its right to arbitrate a dispute 'when a party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party.'" *Stone v. E.F. Hutton & Co., Inc.*, 898 F.2d 1542, 1543

for the exercise of discretion by a district court," this Court "*shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."  *Curbelo*, 2015 WL 667655 at *2 (internal citations and quotation marks omitted) (emphasis in original); *see also Gilmer*, 500 U.S. at 26 (stating that "it should be kept in mind that 'questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration'").

Based on the foregoing, the undersigned recommends that Defendant's Motion be granted to the extent stated in this Report and Recommendation.  The parties should be directed to submit to arbitration and to file periodic reports with the Court on the status of arbitration, and the Clerk of Court should be directed to stay and administratively close the file pending the completion of arbitration.

Accordingly, it is respectfully **RECOMMENDED** that:

1.Defendant's Motion (**Doc. 23**) be **GRANTED** to the extent stated herein.

2.The parties be directed to submit to arbitration as set forth in Section 22 of the Contract.

3.The parties be required to file periodic reports on the status of arbitration.

---

(11th Cir. 1990).  Here, Defendant timely responded to the Amended Complaint by filing the instant Motion.  Defendant neither participated in substantial litigation nor prejudiced Plaintiff with its actions relating to the judicial process, and Plaintiff failed to even argue as much.  Plaintiff therefore failed to show that Defendant waived its right to arbitration.

4.      The Clerk of Court be directed to stay and administratively close the file pending the completion of arbitration.

**DONE AND ENTERED** in Jacksonville, Florida, on July 19, 2018.

*[signature]*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record