# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

TRIANGLE RIVER, LLC

    Plaintiff,

v.                                        Case No. 3:17-cv-1078-J-32MCR

CAROLINE SQUARE REALTY, LLC,

    Defendant.

## **O R D E R**

This case is before the Court on Defendant Caroline Square Realty, LLC's Motion to Distribute Bond Funds (Doc. 56), and Motion to Discharge Lis Pendens (Doc. 57). Plaintiff Triangle River, LLC responded in opposition to both motions. (Docs. 59, 60).

The Motion to Discharge Lis Pendens can be quickly resolved. Triangle River asserts that the lis pendens should not be discharged before September 26, 2019, its last day to serve a motion to vacate the underlying arbitration award. As that date has passed and no motion to vacate has been filed, the lis pendens is due to be discharged.

This case involves a contract dispute concerning the sale of an apartment building in Jacksonville, Florida. The parties contracted to sell the building for

approximately $19 million, but Caroline Square refused to sell, asserting that Triangle River had not satisfied required contingencies. (Docs. 1-1, 5, 52). After this case was sent to arbitration, (Doc. 32), the Court extended the lis pendens and, following an evidentiary hearing, set a bond in the amount of $90,675. (Doc. 49). This amount was based on the following: $22,725 billed by Murphy & Anderson, P.A. between November 1–20, 2018 in preparation for and attendance at the bond hearing; $38,850 in projected fees if a trial on damages resulting from an unjustified lis pendens were to take place; $4,100 in expert fees for the November 20, 2018 bond hearing; and $25,000 in projected expert fees if a trial on damages for an unjustified lis pendens were to take place. Id. Triangle River posted a bond with International Fidelity Insurance Company as surety, (Doc. 51), and the case proceeded to arbitration.

The arbitration panel determined that Triangle River was entitled to a return of its escrow deposit, but that neither party was entitled to any damages on their claims. (Doc. 56-1). Caroline Square subsequently moved in this Court to recover $43,188.50 out of the bond for litigation regarding the lis pendens.[1]

---

[1] In requesting a bond, Caroline Square also sought to include $16,363.50 in fees billed up to October 31, 2018. (Doc. 50-3 at 2). The Court did not include this amount in the bond requirement. (Doc. 49 at 4). Caroline Square now asserts that this amount was "inadvertently omitted from the determination of the appropriate bond amount" and now seeks to recover those fees from the bond. (Doc. 56 at 2). However, Caroline Square never sought to amend the bond amount after the Court set it. Only fees related to the lis pendens are recoverable; the Court did not include those fees in its bond determination

(Doc. 56 at 3). Neither party has requested a trial on damages resulting from the lis pendens.

Triangle River asserts that Caroline Square is not entitled to attorneys' fees from the lis pendens bond because: (1) the arbitration panel determined this issue; (2) Caroline Square has not proven it was damaged by the lis pendens; and (3) attorneys' fees are not awardable for work on the underlying merits. (Doc. 59 at 5–6).

Attorneys' fees incurred in obtaining the discharge of a lis pendens are recoverable from the lis pendens bond. S & T Builders v. Globe Props., Inc., 944 So. 2d 302, 305 (Fla. 2006). This includes fees incurred arguing in favor of a bond. See BCJJ, LLC v. Lefevre, No. 8:09-CV-551-T-17EAJ, 2010 WL 1433403, at *6 (M.D. Fla. Mar. 8, 2010) (including in the bond fees incurred arguing in support of the bond), report and recommendation adopted sub nom. BCIJ, LLC v. Lefevre, No. 8:09-CV-551-T-17EAJ, 2010 WL 1544114 (M.D. Fla. Apr. 19, 2010). However, Triangle River argues that because the disputed contract contained an attorneys' fee provision and the arbitration panel determined all matters relating to the contract, it necessarily determined the attorneys' fees at issue here. (Doc. 59 at 7–9).

---

because Caroline Square failed to prove that those fees were related to the lis pendens as opposed to other legal work on the case. Thus, they will not be included in the Court's fee award.

The arbitration panel's final award states that "Caroline Square Realty, LLC, shall recover nothing on [its] claim against . . . Triangle River, LLC" and that aside from getting its $600,000 escrow deposit back, "Triangle River, LLC, shall recover nothing on [its] Counter-Claim against . . . Caroline Square Realty, LLC. . . ." (Doc. 56-1 at 4–5). Throughout the arbitration proceedings, the panel stated that it would issue an interim merits decision and then receive briefing on attorneys' fees. (Doc. 59-5 at 2–3). The panel would then issue a final award which "shall incorporate, the prevailing party attorneys' fees, <u>if there is one</u>, and the interim decision on the merits." (Doc. 59-5 at 2–3). The arbitration panel never issued an interim decision, instead issuing only a final award, which stated: "This Final Award is in full settlement of any and all claims, counterclaims, defenses and set-offs properly submitted. Any claim, counterclaim, defense or set-off not specifically granted or upheld herein is hereby denied." (Doc. 56-1 at 5). Triangle River argues that this statement means that the arbitration panel denied Caroline Square's entitlement to attorneys' fees related to the lis pendens. (Doc. 59 at 5). The Court disagrees.

The arbitration panel's final award, and its decision not to issue an interim merits decision, is most reasonably understood to mean that it found that neither party prevailed. <u>See</u> Doc. 56-1 at 4–5; Doc. 59-5 at 2–3. This makes sense because both parties filed breach of contract claims, but the arbitration panel found that neither party breached the contract. Because the arbitration

4

panel never determined a prevailing party, it did not determine whether Caroline Square is entitled to attorneys' fees for an unjustified lis pendens.[2]

That Caroline Square was not the prevailing party in the arbitration does not disqualify it from recovering its damages from the bond. The panel found that Caroline Square was within its rights to terminate the contract based on Triangle River's inability to satisfy the contract's "financing contingency." (Doc. 56-1 at 2–4). As Caroline Square was not required to sell the property to Triangle River, the lis pendens was unjustified because it encumbered the property while Caroline Square should have had a clear title to it. Cf. Med. Facilities Dev., Inc. v. Little Arch Creek Props., Inc., 675 So. 2d 915, 917 (Fla. 1996) ("The notice [of lis pendens] will often prevent the property holder from selling or mortgaging the property."); Parker Tampa Two, Inc. v. Somerset Dev. Corp., 544 So. 2d 1018, 1021–22 (Fla. 1989) ("The standard for determining whether an injunction was wrongfully issued is simply whether the petitioning party was unentitled to injunctive relief."). Therefore, Caroline Square is entitled to recover damages it proves were caused by the lis pendens.

---

[2] It is unclear if this issue was even "properly submitted" to the arbitration panel. Triangle River asserts it was, but at the bond hearing Caroline Square stated several times that if the lis pendens was unjustified it would come back to this Court to seek damages out of the bond. (Doc. 52 at 66, 67).

5

Reasonable attorneys' fees are "a form of recoverable damage covered by a bond posted for the issuance of" a lis pendens. Abner v. Johnson, 56 So. 3d 137, 139 (Fla. 4th DCA 2011) (citing S & T Builders, 944 So. 2d at 304–05). In setting the bond amount, the Court found that Caroline Square had incurred $22,725 in attorneys' fees (from November 1, 2018 through the November 20, 2018 bond hearing) and $4,100 in expert's fees related to the lis pendens and litigation over the bond. (Doc. 49). Having already determined that these fees were incurred in relation to the lis pendens, the Court will award them to Caroline Square.[3]

Accordingly, it is hereby

**ORDERED:**

1. Caroline Square Realty, LLC's Motion to Discharge Lis Pendens (Doc. 57) is **GRANTED**.

2. The Notice of Lis Pendens (Doc. 38-1) is **DISCHARGED**.

3. Caroline Square Realty, LLC's Motion to Distribute Bond Funds (Doc. 56) is **GRANTED in part and DENIED in part**.

---

[3] Triangle River argues that Caroline Square has failed to prove that its requested fees were related to the lis pendens and not the underlying merits of the case. (Doc. 59 at 11–16). Triangle River is correct for the $16,363.50 in attorneys' fees for work performed before October 31, 2018. See supra note 1. However, by including the $22,725 of attorneys' fees in the bond amount, the Court necessarily determined that they were related to the lis pendens.

4. Not later than **January 6, 2020**, International Fidelity Insurance Company, as surety, shall remit $26,825 from the lis pendens bond (Doc. 51) to Caroline Square Realty, LLC by issuing a check to its attorney, Murphy & Anderson, P.A. Triangle River, LLC shall recover the remainder of the bond consistent with its agreement with the surety.

5. Triangle River shall file a notice of compliance once payment is made to Murphy & Anderson, P.A. Upon filing of the notice of compliance, International Fidelity Insurance Company, as surety, shall be released from its obligation on the bond.

6. The Clerk shall close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 2nd day of December, 2019.

                                    TIMOTHY J. CORRIGAN
                                    United States District Judge

jb
Copies to:

Finance
Counsel of record